# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BENJAMIN D. MACMURRAY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FREDDIE WELLS, in his personal capacity, and STATE OF ALASKA,<br><br>　　　　　　Defendants. | Case No. 4:13-CV-0020-RRB<br><br>Order Denying Motion For Reconsideration |

## I.　　INTRODUCTION

Before the Court is a motion for reconsideration of the order entered on January 10, 2014, at Docket Number 21 wherein the Court found there to be no error in the Alaska Attorney General's certification decision in this case. Plaintiff Benjamin MacMurray argues that according to *State Dep't of Corr. v. Heisey*, 271 P.3d 1082, 1090-91 (Alaska 2012), the Court should have allowed him to "conduct discovery and submit evidence to the court to support his position before the court rule[d] on the [Attorney General's certification] issue . . . ."[1] Specifically, MacMurray claims that because the Court did not hold an evidentiary hearing and generally allow for the discovery and presentation of evidence regarding the certification issue, MacMurray was dispossessed of the possibility of prevailing on his state law claims in violation of his due process rights.[2]

Defendants Freddie Wells and State of Alaska oppose the motion for reconsideration and explain that the certification was appropriate in this case and that because there were no disputed issues of material fact concerning the certification, the Court was not required to hold an evidentiary hearing or permit

---

[1] Docket No. 24 at 1-2.

[2] *Id.* at 2.

1

discovery.³

Inasmuch as the Court concludes that MacMurray has not shown highly unusual circumstances, presented newly discovered evidence, proven clear error, nor cited an intervening change in controlling law, MacMurray's Motion is **DENIED**.

## II. STANDARD OF REVIEW

Motions for reconsideration should not be granted unless highly unusual circumstances are shown to warrant such a reconsideration.⁴ A motion for reconsideration is appropriate only when: (1) the district court is presented with newly discovered evidence; (2) the district court committed clear error; or (3) there is an intervening change in the controlling law.⁵

## III. DISCUSSION

MacMurray contends that before ruling on the certification issue, the Court was required to permit him to "obtain discovery, submit evidence and otherwise have a hearing appropriate to the case . . . ."⁶ MacMurray's arguments are unpersuasive.

Under *Heisey*, a reviewing court follows a specific process when reviewing an Attorney General's certification:

> (1) the standard of review for the certification decision should be de novo; (2) *the burden of proof lies upon the plaintiff challenging certification to prove that the defendants were not acting within the scope of their employment*; (3) the court should apply the factors in AS 09.50.253(h)(1) for the scope-of-employment determination; (4) the outcome should be decided by the court, not a jury; and (5) the determination should be made prior to trial.⁷

Additionally, "[i]f there are disputed issues of fact, we direct the court to hold an evidentiary hearing and

---

³Docket No. 28 at 2.

⁴*389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). *See* D.Ak. LR 59.1 (2010).

⁵*Id.*

⁶Docket No. 24 at 2.

⁷*Heisey*, 271 P.3d at 1090-91 (emphasis added).

2

make factual findings, then decide the certification question prior to trial. *If no disputed issues of material fact exist, the court may resolve the issue on summary judgment.*"[8]

First, because there were no disputed issues of material fact with regard to the certification, the Court concluded that an evidentiary hearing was unnecessary and instead chose to resolve the certification issue on summary judgment. Second, after a de novo review, the Court concluded that MacMurray had failed to carry his burden of showing that Wells was not acting within the scope of his employment at the time of the stop and subsequent arrest. This entire dispute arose from a legitimate traffic stop, much of which was recorded, and it was clear that Wells was acting within the scope of his employment. Thus, based on its review, the Court found that certification was proper. The Court's conclusion was not clear error nor did it present highly unusual circumstances.

## IV. **CONCLUSION**

For the foregoing reasons, the Motion For Reconsideration at **Docket Number 24** is **DENIED**.

**It is so ordered.**

Dated this 11th day of March, 2014.

                                                                      S/RALPH R. BEISTLINE
                                                                      UNITED STATES DISTRICT JUDGE

---

[8] *Id.* at 1091 (emphasis added).